IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Thomas Bradley,<br><br>    Plaintiff,<br><br>vs.<br><br>Lori Bradley, et al.,<br><br>    Defendants. | No. CV-22-01435-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff's Motion for Entry of Default and Default Judgment as to Lori Bradley (Doc. 52). It appears from the record in this case that Defendant Lori Bradley has failed to appear, plead, or otherwise defend this case.

  Once default has been properly entered, the Court has discretion to grant default judgment against a defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

  Because Plaintiff does not address the *Eitel* factors (*see* Doc. 52), the Court will deny the motion to the extent it seeks default judgment without prejudice. Plaintiff shall be

afforded an opportunity to refile the motion. The new motion shall fully address each *Eitel* factor and also shall include an explanation and evidence sufficient to support any calculation of damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**IT IS ORDERED** that Plaintiff's Motion (Doc. 52) in **granted in part** to the extent it seeks an entry of default as to Lori Bradley. The Clerk of Court is directed to enter default against Defendant Lori Bradley pursuant to Federal Rule of Civil Procedure 55.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 52) is denied in part to the extent is seeks an entry of default judgment. Plaintiff shall have until **January 31, 2023**, to file a new motion for default judgment consistent with this order.

Dated this 11th day of January, 2023.

Honorable Steven P. Logan
United States District Judge