**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Thomas Bradley,<br><br>    Plaintiff,<br><br>vs.<br><br>Lori Bradley, et al.,<br><br>    Defendants. | No. CV-22-01435-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Scott Thomas Bradley's ("Plaintiff") Motion for Default Judgment (Docs. 71) in which Plaintiff moves for this Court to enter default judgment against Defendant Lori Bradley. No response to the Motion has been filed. Having reviewed the Motion, Plaintiff's Verified Affidavit in Support of the Motion (Doc. 72), and the entire record in this matter, the Court will deny Plaintiff's request.[1]

**I.    BACKGROUND**

This action arises out of Plaintiff's contention that Defendant Lori Bradley ("Defendant") initiated and participated in a conspiracy—with the other named Defendants[2]—to deprive Plaintiff of his constitutional rights. Plaintiff alleges that

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] In addition to Lori Bradley, the other named Defendants in this action are: Tracey Westerhausen, Jasquin Gibson, the State of Arizona, the County of Maricopa, the Superior Court of Arizona, the Arizona Department of Economic Security, and the Phoenix Police

Defendant—who is his ex-wife and who he shares a child with—has intentionally withheld his daughter from him for 152 consecutive days (at the time the Complaint was filed), in violation of their custody arrangement and his constitutional rights as a parent. (Doc. 1 at 4). Plaintiff alleges that Defendant has invaded and violated his right to privacy, defamed him, trespassed on and stolen from his property, engaged in fraud, conspired to extort his wages from him under the guise of child support, breached her fiduciary duties as a parent, and otherwise deprived him of numerous, fundamental constitutional rights. (*See generally* Doc. 1). Plaintiff alleges that Defendant has engaged in a conspiracy with other individuals involved in the parties' custody battle, including Superior Court Judge Tracey Westerhausen and Officer Jasquin Gibson of the Phoenix Police Department. (*Id.*). Plaintiff alleges that, together, these individuals have conspired to violate his rights, to prevent him from seeing his daughter, and to extort him by taking his wages as child support.[3] (*Id.*).

Plaintiff filed this action seeking relief in the form of full and sole custody of his daughter, injunctive relief enjoining Defendants from continuing to violate his constitutional rights and directing them to return Plaintiff's property to him, and compensatory damages. (Doc. 1 at 7, 15, 33, 36). Although Defendant Lori Bradley was properly served, (*see* Docs. 21, 30), she has not yet responded to or otherwise appeared in this action. On January 13, 2023, the Clerk of Court entered default against Defendant Lori Bradley. (Doc. 70). On January 26, 2023, Plaintiff filed the present Motion for Default Judgment against Defendant Lori Bradley. (Doc. 71).

---

Department. (Doc. 1 at 1). All but the State have been dismissed. (Docs. 67, 73).

[3] Near the end of the Complaint, Plaintiff states "[i]n addition to the torts and trespasses claimed herein, the crimes that have been and are being committed against me by [Defendants] are too many to list, including but not limited to": fraud; constructive/legal fraud; actionable fraud/material fraud/fraud in the inducement; deceit/fraudulent acts/fraudulent misrepresentation/fraudulent concealment/equitable fraud/fraud by deception; conspiracy against rights (18 U.S.C. § 241) and deprivation of rights under color of law (18 U.S.C. § 242); racketeering; conspiracy; kidnapping; duress and coercion; material/fraudulent/negligent misrepresentation; corruption/judicial corruption/breach of fiduciary trust; and human rights denied. (Doc. 1 at 32–33).

## II. DISCUSSION

### A. Subject Matter Jurisdiction, Personal Jurisdiction, and Service of Process

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

First, as to subject-matter jurisdiction, the Court may exercise subject-matter jurisdiction because Plaintiff has asserted several federal claims against Defendants, including violations of federal constitutional rights and conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985. Thus, Plaintiff invokes federal-question jurisdiction, which extends over "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quotations and citations omitted); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Next, the Court has personal jurisdiction over Defendant because she is a citizen of Arizona and because she was properly served. *See Pennoyer v. Neff*, 95 U.S. 714 (1877)

(noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served). According to the Declaration of Service submitted by Plaintiff, Defendant is an individual residing in Phoenix, Arizona. (Doc. 21 at 1). Defendant was served with the summons and complaint on September 19, 2022, at her Phoenix residence by a licensed process server. (*Id.*). The process server indicates that Defendant refused service but that he "left the documents within her control . . . and told her she was served." (*Id.*). The Court finds that service in this case was proper under the relevant federal rule, which authorizes service of an individual by delivery of the summons and complaint to the individual personally. *See* Fed. R. Civ. P. 4(e)(2)(A). The fact that Defendant refused service and the documents were simply left "within her control" does not negate the sufficiency of service. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service."). With preliminary considerations of jurisdiction and service of process out of the way, the Court turns to whether default judgment is appropriate.

## B. Default Judgment Analysis: *Eitel* Factors

Rule 55(b) permits the Court, after default is entered against a defendant, to enter a final judgment in a case. *See* Fed. R. Civ. P. 55(b)(2). "There is no matter of right to the entry of a default judgment, and its entry is entirely within this Court's discretion." *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001) (citations omitted); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013) ("A defendant's default does not automatically entitle a plaintiff to a default judgment."). Factors the Court may consider include: (1) the

possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits (collectively, the "*Eitel* factors"). *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### i) The First, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which [Defendant has] not participated in the litigation at all, the first, [] sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to the plaintiff—weighs in favor of granting default judgment. Defendant has failed to appear in this action, despite being served on September 19, 2022. (Docs. 21, 30). If Plaintiff's Motion is denied, then Plaintiff will likely be without other recourse for recovery. *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The sixth factor—whether default was due to excusable neglect—also weighs in favor of granting default judgment. Defendant was properly served but nonetheless failed to appear in this case. Thus, the Court finds that it is unlikely that Defendant's failure to appear and the resulting default was the result of excusable neglect. *See id.* at *4 ("Due to Defendants' failure to participate, there is . . . no indication that default is due to excusable neglect."); *see also Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding that default "cannot be attributed to excusable neglect" where the defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule

5

55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendant's absence at this juncture of the case makes a decision on the merits impossible. Thus, the Court is not precluded from entering default judgment against Defendant. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

### ii)    The Second and Third *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the complaint—weigh against granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

Here, Plaintiff's Complaint asserts numerous claims for relief against several named Defendants. However, it is very difficult to identify the individual claims or which Defendants they are brought against. Instead of setting forth each claim clearly and separately, the Complaint mentions the claims rather haphazardly throughout an extended, multi-page recitation of the factual allegations. Plaintiff's Complaint fails to meet the standard set forth in Rule 8, which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

That said, the Court has done its best to identify the claims Plaintiff asserts against Defendants. The list is long and contains many claims which either overlap with other claims, or are not even cognizable, actionable claims at all:

extortion;  fraud  and  perjury;  violation  of  privacy  and

> confidentiality rights; conspiracy to extort wages; conspiracy to kidnap; harassment; defamation; publicly sharing private information; breaking and entering; trespass; theft of property; aggravated kidnapping; child kidnapping; parental kidnapping; parental alienation; child abuse; fraud; constructive/legal fraud; actionable fraud/material fraud/fraud in the inducement; conspiracy against rights; deprivation of rights; racketeering; duress and coercion; material/fraudulent/negligent misrepresentation; corruption; breach of fiduciary trust; denial of human rights; interfering with right to peacefully assemble; intentional infliction of emotional distress; tortious interference with constitutional rights

(*See generally* Doc. 1). Although Plaintiff's Complaint includes many factual allegations, its failure to clearly set forth the claims it asserts makes it impossible for the Court to identify whether Plaintiff has alleged sufficient facts to support any of the above claims against any of the Defendants. Moreover, the Complaint's general disorganization fails to provide Defendants with fair notice of what the claims are or the grounds upon which those claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court has no way of knowing whether Plaintiff's claims have any merit given the Complaint's insufficiency.

Setting aside the individual claims asserted by Plaintiff, the Court notes that Plaintiff's allegations generally concern child custody issues that arose out of Plaintiff and Defendant Lori Bradley's divorce. In fact, at the crux of this entire action is Plaintiff's assertion that Defendant has withheld their daughter from him, thereby failing to comply with their joint custody arrangement and infringing on his parental rights. Indeed, the primary relief sought by Plaintiff is an order from this Court granting him "sole lawful possession/custody of [his] daughter." (Doc. 71 at 5). Plaintiff alleges that Defendant has made decisions that are not in their daughter's best interest and that she refuses to cooperate in future decision-making as it relates to their child. Plaintiff also takes issue with decisions made at the state court level as it relates to his property and child support obligations. In addition to sole custody of his daughter, Plaintiff requests injunctive relief enjoining Defendants from continuing to infringe on his constitutional rights by ordering them to cease taking his labor wages as child support. (Doc. 1 at 36).

Simply put, this Court lacks the power to adjudicate such issues or to provide such

relief. Issues relating to child custody are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702–704 (1992) (holding that domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter."). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Therefore, to the extent Plaintiff seeks to challenge state court orders regarding child custody and child support payments, this Court is the improper place to do so. "This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings." *Maez v. Maez*, No. 1:22-cv-00901-BAM, 2022 WL 4110261, at *2 (E.D. Cal. Sept. 8, 2022); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). "Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court." *Maez*, 2022 WL 4110261, at *2 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)) (other citations omitted). "Therefore, Plaintiff's claims relating to child custody, which presumably arise from state court orders, would be barred by the *Rooker-Feldman* doctrine." *Id.* (citing *Walton v. Hopper*, No. 2:22-cv-00453 JAM AC PS, 2022 WL 837268, at *4 (E.D. Cal. Mar. 21, 2022) ("Child custody and parental rights are quintessentially state law matters that are generally outside the purview of the federal court.")).

In sum, the Court finds that the insufficiency of Plaintiff's Complaint—its disorganization and the resulting difficulty of identifying the individual claims asserted against Defendant Lori Bradley—leaves the second and third factors weighing strongly

against default judgment. To the extent Plaintiff seeks an order from this Court regarding the custody of his child or the child support payments he is required to make, such relief is entirely inappropriate given this Court's lack of jurisdiction. To the extent Plaintiff seeks relief for claimed violations of his constitutional rights, the Court is simply unable to assess the merits of such claims—particularly with respect to Defendant Lori Bradley—given the disorganized and haphazard nature of the Complaint.

### iii) The Fifth *Eitel* Factor

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). However, as discussed above, the Court finds that Plaintiff's Complaint fails to state allegations sufficient to support any claims for relief. As a result, the fifth factor does not weigh in favor of granting default judgment. *See 5960 Bonsall, LLC v. Lanix Expl. Inc.*, No. CV 15-03628 MMM (PJWx), 2015 WL 12696201, at *9 (C.D. Cal. Oct. 15, 2015) ("Although there may be little possibility of dispute concerning the material facts, the allegations in the complaint fail to state a claim upon which relief may be granted.").

### iv) The Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (internal quotations omitted) (citation omitted).

Here, Plaintiff originally sought "damages in the amount of $5,775,000, plus $500 for each additional day after August 24, 2022 [the date the Complaint was filed]." (Doc. 1 at 36). Given the nature of this case, this amount certainly represents a sum that is substantial or unreasonable. However, Plaintiff's Motion recognizes that this "seems to weigh against Default Judgment" and Plaintiff therefore narrows the amount sought against

9

Defendant to "nominal damages of $21.00." (Doc. 51 at 4, 5). Plaintiff explains that an award of damages was never the motivation behind his claims against Defendant and that "[f]inancial damages are not an adequate remedy at law for this matter for the irreparable injury done." (*Id.*). Plaintiff states that he merely "want[s] to enjoy life and live in peace with [his] offspring" and that the other remedies sought—custody of his daughter and injunctive relief against future trespasses upon his property and rights—would sufficiently remedy the harm he has suffered and "hopefully discourage ongoing and future trespass by [Defendant]." (*Id.*). Given Plaintiff's significant reduction of the requested damages award, the Court finds that this factor weighs in favor of default judgment. An award of just $21.00 is certainly not so substantial or unreasonable as to discourage default judgment.

### III.  CONCLUSION

In sum, the Court denies Plaintiff's Motion for Entry of Default Judgment Against Wrongdoer Lori Bradley (Doc 71). Although the first, fourth, and sixth *Eitel* factors weigh in favor of Plaintiff's request, the second and third factors—which are often considered the most important—weigh strongly against default judgment. Simply put, Plaintiff's Complaint fails to sufficiently state any claims for relief against Defendant Lori Bradley. This failure by Plaintiff necessitates a denial of his request for default judgment, given the general rule disfavoring judgments by default in the interest of deciding cases upon their merits. *See Eitel*, 782 F.2d at 1472; *see also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854–55 (9th Cir. 2007) (affirming denial of default judgment where plaintiff failed to state a claim); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support [a default] judgment.").

Due to the insufficiency of Plaintiff's Complaint with respect to its claims against Defendant Lori Bradley, the Court dismisses all Plaintiff's claims against her. Plaintiff is not granted leave to amend because amendment would be futile. Plaintiff's factual allegations against Defendant Lori Bradley exclusively relate to issues of child custody and child support which are simply not within this Court's jurisdiction. Therefore, the

Complaint's claims against Defendant Lori Bradley could not possibly be cured by the allegation of other facts and leave to amend is inappropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 71) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Lori Bradley are **dismissed with prejudice and without leave to amend**. Defendant Lori Bradley is dismissed from this action entirely.

Dated this 20th day of March, 2023.

Honorable Steven P. Logan
United States District Judge