**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Thomas Bradley,<br><br>    Plaintiff,<br><br>vs.<br><br>Lori Bradley, et al.,<br><br>    Defendants. | No. CV-22-01435-PHX-SPL<br><br>**ORDER** |

  Before the Court is Defendant State of Arizona's ("Defendant" or the "State") Motion to Dismiss (Doc. 76). The State requests that the Court dismiss Plaintiff's Complaint entirely and with prejudice—pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)—and enter judgment in Defendant's favor. (Doc. 76 at 11). The Motion has been fully briefed and is ready for review. (Docs. 76, 77, 83, 84, & 85). For the following reasons, the Court grants the Motion.

  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*,

556 U.S. at 678. Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

Federal Rule of Civil Procedure ("Rule") 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (internal quotation marks omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id.* "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id.*

Here, the State makes numerous arguments for dismissal with prejudice. (*See generally* Docs. 76 & 85). First, the State argues that "[t]he Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff's claims against the State are nothing more than a collateral attack on Judge Westerhausen's decisions that were made in his family court matter." (Doc. 76 at 4–5). Second, the State argues that the "domestic relations exception" to subject-matter jurisdiction divests this Court of jurisdiction altogether. (*Id.* at 5–6). Third, the State argues that the immunity afforded by the Eleventh Amendment protects it from suits filed in federal court. (*Id.* at 6). Fourth, the State argues that "judicial immunity bars Plaintiff's vicarious liability claims [against the

State] that seek monetary damages." (*Id.* at 6–7). Fifth, the State argues that the Anti-Injunction Act, 28 U.S.C. § 2283, bars Plaintiff's injunctive relief claims because the Act "precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Acts of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" (*Id.* at 7 (citing § 2283)). Sixth and seventh, the State argues that Plaintiff fails to state federal claims against the State under either 42 U.S.C. §§ 1983 or 1985(3). (*Id.* at 7–9). Eighth, and finally, the State argues that any state law claims asserted by Plaintiff are barred by A.R.S. § 12-821.01, which requires "a timely filing of a notice of claim [as] a mandatory prerequisite to bringing state law claims against public entities that seek monetary damages." (*Id.* at 9–10 (citing *Salerno v. Espinoza*, 210 Ariz. 586, 588 (Ct. App. 2005)). Plaintiff responds to each of the State's arguments. (*See generally* Doc. 83).

The Court need not address each of Defendant's arguments because it finds that the State is entitled to Eleventh Amendment immunity. Indeed, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). There are three exceptions to this rule: (1) "a state may waive its Eleventh Amendment defense," (2) "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority," and (3) "under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 818 (9th Cir. 2001); *see also Strojnik v. State Bar of Ariz.*, 446 F. Supp. 3d 566, 572–76 (D. Ariz. 2020). Defendant bears the initial burden of establishing their immunity defense, but once that burden is met, "the burden shifts to [P]laintiff to demonstrate that an exception to Eleventh Amendment immunity applies." *Comm. To Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1161 (E.D. Cal. 2017).

Here, the first two exceptions do not apply. The State has not waived its Eleventh Amendment defense and Plaintiff does not point to any congressional act abrogating the

State's immunity under the circumstances of this case.[1] As for the third exception, although it is true that Plaintiff originally named state officials as defendants in this matter—*i.e.*, Defendants Officer Jasquin Gibson and Judge Tracey Westerhausen—Plaintiff's claims against those defendants have since been dismissed with prejudice. (*See* Doc. 67). Thus, the third exception cannot apply either and the Court lacks subject matter jurisdiction to adjudicate claims brought against the State. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 532 F. Supp. 3d 846, 855–56 (D. Ariz. 2021).

Given that the State is the only remaining Defendant in this action, Plaintiff's Complaint is dismissed in its entirety. Plaintiff's claims against the other Defendants were already dismissed with prejudice. (*See* Docs. 67, 73, & 74). Plaintiff's claims against the State are dismissed with prejudice as well, as Plaintiff cannot possibly cure the deficiencies of those claims by the allegation of other facts and leave to amend is therefore inappropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly,

**IT IS ORDERED** that Defendant State of Arizona's Motion to Dismiss (Doc. 76) is **granted**. Plaintiff's claims against the State of Arizona are **dismissed with prejudice and without leave to amend**.

///

---

[1] The Court notes that the State did not waive its sovereign immunity merely by choosing to defend against Plaintiff's lawsuit. Rather, "waiver turns on the state's failure to raise immunity during the litigation." *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) (holding a state agency did not waive immunity and was entitled to summary judgment where it raised immunity as an affirmative defense in its answer). Here, the State was not properly served in this action until March 29, 2023. (*See* Doc. 75). Subsequently, the State raised its immunity defense at the first opportunity it had—that is, less than two weeks after service in the present Motion to Dismiss. (Doc. 76 at 6).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action **enter final judgment accordingly**.

Dated this 25th day of May, 2023.

Honorable Steven P. Logan
United States District Judge